

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Hon. Orville S. Carpenter, Chairman
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-544
Re: May the Texas Unemployment Compensation Commission make reports of status required of employing units subject to the Texas Unemployment Compensation Act, available to the Texas World's Fair Commission, Inc in order that it might obtain from said reports the names of employers?

We are in receipt of your letter of April 10, 1939, the pertinent two paragraphs of which read as follows:

"The Texas Unemployment Compensation Commission has by regulation required all employing units in the State to submit unsworn reports of status. The report of status must contain the name of the employing unit, the names of any other employing units under joint ownership or control, the total number of persons employed by such employing unit during each week of the preceding and current calendar year, the date on which the business was acquired, and the person from whom the business was acquired, if the acquisition was subsequent to January 1, 1936.

The Commission has been requested by the Texas World's Fair Commission,

Inc., to submit to them a list of all employers covered by the Texas Unemployment Compensation Act. May we make these reports of status available to the Texas World's Fair Commission, Inc. in order that they might obtain from them the names of the employers?"

You request the opinion of this department as to whether the Texas Unemployment Compensation Commission may legally make the reports of status required of employing units available to the Texas World's Fair Commission, Inc. in order that the latter might obtain from said reports the names of the employers.

We have subjected to close examination all the terms and provisions of the Texas Unemployment Compensation Act, Article 5221-b of Vernon's Annotated Civil Statutes including new matter added by amendment in Senate Bill 21, 46th Legislature of the state of Texas, in our search for either express authorization or express prohibition of such a disclosure.

Section 9(e) of Article 5221-b, Vernon's (same being Section 11(e) in official copy of act with amendments) contains the controlling provisions. It is the only section of the act having any bearing on or relation to the matter at hand. We quote it in full, as follows, underscoring those sections which are most pertinent:

"(e) Records and Reports: Each employing unit shall keep true and accurate employment records, containing such information as the Commission may prescribe and which is deemed necessary to the proper administration of this Act. Such records shall be open to inspection and subject to being copied by the Commission or its authorized representatives of any reasonable time and as often as may be necessary. The Commission may require from any employing unit any sworn or unsworn reports,

with respect to persons employed by it, which the Commission deems necessary for the effective administration of this Act. Information thus obtained shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the employing unit's identity. * * * "

The language quoted from the above referred to section is plain and unambiguous. It authorizes the Commission to examine and to inspect records of employers and to require reports which the Commission deems necessary. It is obvious from the context that the intent of the Legislature was to make these reports confidential and closed to the public at large. The Commission is expressly prohibited from publishing or revealing in any manner the private affairs of those business concerns and employers which come under its jurisdiction. It follows from the wording of the act itself that information contained in the reports may not legally be divulged by placing the reports in the hands of parties who are not expresly authorized to inspect and examine them.

We find, therefore, an express prohibition in the Act restraining the Commission from disclosing information contained in the reports it requires of employing units through publication of same or laying the records open to public inspection.

It is true that the section under discussion specifically excludes "public employees in the performance of their public duties" from the inhibition. The Texas World's Fair Commission, Inc., a non-private corporation, in our opinion, does not fall within this exemption, despite its status of patriotic and civic importance.



Hon. Orville S. Carpenter, April 14, 1939, Page 4

We are constrained to hold that the Texas Unem-
ployment Compensation Commission is not authorized
to make reports of status of employing units avail-
able to the Texas World's Fair Commission, Inc.,
in order that the Commission might obtain from
these reports the names of employers.

Trusting that the above fully answers
your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                     Dick Stout
DS:omb                         Assistant

APPROVED:

ATTORNEY GENERAL OF TEXAS